OPINION — AG — **** STUDENT ACTIVITY FUNDS — DEPOSIT **** (1) STUDENT ACTIVITY FUNDS DEPOSITED BY THE PERSON DESIGNATED AS CUSTODIAN THEREOF ARE NOT STATUTORILY REQUIRED TO BE COLLATERALIZED UNDER THE PROVISIONS OF 62 O.S. 1961, 516.1 THROUGH 62 O.S. 1961, 516.10, ON ALL AMOUNTS IN EXCESS OF THE AMOUNT COVERED BY F.D.I.C. (2) EXCEPT AS A CONDITION OF DEPOSITING PUBLIC FUNDS, IT IS NOT LEGALLY PERMISSIBLE FOR A DEPOSITOR OF SUCH FUNDS TO REQUIRE A DEPOSITORY BANK TO SECURE THE DEPOSITED FUNDS BY A UNIT COLLATERAL PLEDGE TO THE STATE OF OKLAHOMA. (3) STUDENT ACTIVITY FUNDS DEPOSITED BY THE CUSTODIAN THEREOF IN A SEPARTE ACCOUNT IN BANK WHEREIN OTHER PUBLIC FUNDS ARE DEPOSITED WOULD NT SEPARATELY INSURED BY F.D.I.C. UNLESS THE ACCOUNT TO WHICH SUCH FUNDS ARE CREDITED IS DEEMED TO BE A SEPARATE "PUBLIC UNIT" AND EACH "PUBLIC UNIT" IS SEPARATELY INSURED BY THE F.D.I.C. THE DEPOSITOR MUST DETERMINED THE INSURED STATUS OF FUNDS SO DEPOSITED AND BE GOVERNED ACCORDINGLY. CITE: 70 O.S. .1 1968 SUPP./62 O.S. 1961, 511 (CARL G. ENGLING) FILENAME: m0000799 PRESTON TRIMBLE DISTRICT ATTORNEY ATTORNEY GENERAL OF OKLAHOMA — OPINION DECEMBER 19, 1968 OPINION — AG — **** COUNTY OFFICERS — CLASS "A" AND CLASS "B" SALARIES **** UNDER 19 O.S. 1968 Supp., 180.63 [19-180.63], THE BASIC SALARIES IN SECTION 19 O.S. 1968 Supp., 180.62 [19-180.62] FOR COUNTIES OF THE SIZE AND TAX VALUATION OF MCCLAIN COUNTY ARE INCREASED TO PROVIDE FOR $4,105 FOR CLASS "A" OFFICERS AND $3,905 FOR CLASS "B" OFFICERS. HOWEVER, SINCE THE MINIMUM SALARIES PROVIDED FOR IN 19 O.S. 1968 Supp., 180.64 [19-180.64](A) FOR THE COUNTIES OF THE SIZE AND VALUATION OF MCCLAIN COUNTY ARE MORE THAN THE BASIC SALARY PLUS INCREASE THERETO, THE MINIMUM ANNUAL SALARY IN MCCLAIN COUNTY FOR CLASS "A" OFFICERS IS $6,000, FOR CLASS "B" $4,800 AND FOR THE SHERIFF $5,400 CITE: 19 O.S. 1968 Supp., 180.61 [19-180.61] (DAVID RUSSELL) FILENAME: m0008755 John M. Rogers State Examiner and Inspector Attorney General of Oklahoma — Opinion January 23, 1969 Student Activity Funds — — Bank Deposit 1. Student activity funds deposited by the person designated as custodian thereof are not statutorily required to be collateralized under the provisions of 62 O.S. 516.1 [62-516.1] through 62 O.S. 516.10 [62-516.10] [62-516.10] (1961), on all amounts in excess of the amount covered by F.D.I.C. 2. Except as a condition of depositing public funds, it is not legally permissible for a depositor of such funds to require a depository bank to secure the deposited funds by a unit collateral pledge to the State of Oklahoma. 3. Student activity funds deposited by the custodian thereof in a separate account in a bank wherein other public funds are deposited would not be separately measured by F.D.I.C., unless the account to which such funds are credited is deemed to be a separate "public unit" and each "public unit" is separately insured by the F.D.I.C. The depositor must determine the insured status of funds so deposited and be governed accordingly. The Attorney General has had under consideration your recent letter in which you request an opinion in respect to the following questions: "1. Must Student Activity Funds deposited by the custodian (not the school treasurer) be collateralized under the provisions of 62 O.S. 516.1 [62-516.1] to 62 O.S. 516.10 [62-516.10], on all amounts in excess of the amount covered by the Federal Deposit Insurance Corporation? "2. If you conclude that securing of such funds is not mandatory, is it legally permissible for the custodian to require the depository bank to secure said funds by sufficient collateral? "3. Where student activity funds are deposited by the custodian in a separate bank account, but in the same bank where other school funds are deposited, would said funds be separately insured for $15,000.00 by the F.D.I.C.?" Title 70 O.S. 4-33.1 [70-4-33.1](a) (1968), relates to student activity funds and the appointment of a custodian therefor. It provides in part: "(d) The State Board of Education shall adopt appropriate rules and regulations and design standard forms for the proper conduct of the various student activity accounts." "(e) The Student Activity Fund Custodian shall be appointed by the board of education of the school district. The custodian shall give a surety bond in an amount determined by the board of education, but not less than One Thousand Dollars ($ 1,000.00). The premium of the surety bond shall be paid from the student activity fund." Except as cited above, no further references to the duties, obligations, responsibilities or powers exercisable by the "custodian" of student activity funds have been found. It is therefore the opinion of the Attorney General that the answer to your Question Number One must be in the negative, absent any statutory definition or description of the duties and responsibilities of a "custodian" appointed under the cited sub-section of Section 70 O.S. 4-33.1 [70-4-33.1]. The pertinent provision of law applicable to your second question is found in 62 O.S. 516.2 [62-516.2] (1961), as follows: "Any bank or trust company in the State of Oklahoma, which has been designated as a depository for State and/or County Funds, as by law provided, may elect if it so desire, but it may not be so required, to make a unit collateral pledge running to the State of Oklahoma, . . . ." (Emphasis added) It is therefore the opinion of the Attorney General that your Question Number Two must be answered in the affirmative, and that, while it is not legally permissible to require a depository to secure public funds by a unit collateral pledge under the cited statutory provision, good business judgment and the fact that the custodian is statutorily required to give bond, would justify selection by the custodian of a depository of funds in the custodian's care which provided adequate collateral for the deposited funds to the extent such deposits exceed the applicable F.D.I.C. insurance coverage, as a condition of depositing such funds in such depository. You transmitted with your letter a copy of Bulletin issued by your office, No. 68-56, dated August 6, 1968, in re: F.D.I.C. Insurance on County Bank Accounts. It refers to the treatment afforded "public unit" accounts under F.D.I.C. Code, Section 330.8, and provides: "1. Where general, official depository and court fund accounts are all deposited in the same bank in separate accounts, they are only insured as one public unit and are only covered by $ 15,000.00 F.D.I.C. Insurance. "'. Where the County Treasurer is the treasurer for a city, town or independent school district and has separate bank accounts, each one is called a public unit, and each public unit is covered by $15,000.00 F.D.I.C. Insurance. "3. If the County Treasurer has the general account in one bank and official depository in another bank, they are each insured for $ 15,000.00 by F.D.I.C. Insurance." Title 62 O.S. 511 [62-511] (1961), provides as follows: "Any custodian of public funds of any kind or character, required by law to secure proper collateral before depositing public funds in a bank or trust company, shall hereafter, in depositing public funds in a bank or trust company whose deposits are insured by the Federal Deposit Insurance Corporation, be required to secure proper collateral only for sums deposited in excess of the amount of deposit insured by such Federal Deposit Insurance Corporation." (Emphasis added) It is therefore the opinion of the Attorney General that your Question No. 3 must be answered by reference to the cited provisions of Bulletin No. 68-56, and that anyone depositing public funds of any kind must determine whether or not the depository in which the funds are being deposited is at the same time acting as depository for other public funds, and if so, whether such fact would operate to reduce the F.D.I.C. insurance coverage of the funds deposited by such person or whether each separate account is deemed to be a separate "public unit," as referred to in the Bulletin issued by your office. Any doubt as to which of the three paragraphs of the quoted Bulletin applies in a given instance should be resolved by obtaining a written statement from the Federal Deposit Insurance Corporation that such deposit will be considered a separate "public unit" to which maximum F.D.I.C. insurance coverage applies. (Carl G. Engling)